IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**EDWARD CHARLES WRIGHT**             **PLAINTIFF**

v.          Case No. 4:19-cv-00392-KGB

**DEPARTMENT OF VETERANS AFFAIRS,**           **DEFENDANTS**
**Office of General Counsel,** *et al.*

## ORDER

Plaintiff Edward Charles Wright initiated this case by filing a complaint against defendants United States Department of Veterans Affairs, Office of the General Counsel, Tamia Simmon, Lawances Jackson, and two John/Jane Doe defendants whom he identifies as the driver of a Department of Veterans Affairs shuttle and a Department of Veterans Affairs counselor (Dkt. No. 2). Thereafter, Mr. Wright filed several motions (Dkt. Nos. 1, 3, 4, 5, 6, 7, 8). On December 2, 2019, the Court entered an Order granting Mr. Wright's motion for leave to proceed *in forma pauperis*; directing Mr. Wright to file within 30 days from the entry of the Order a written statement confirming his correct address and an amended complaint that complied with the terms of the Order; denying without prejudice at that time Mr. Wright's motions for discovery; and denying without prejudice Mr. Wright's remaining motions (Dkt. No. 9). Mr. Wright filed a notice of appeal to the Eighth Circuit Court of Appeals on May 4, 2020 (Dkt. No. 11). On June 10, 2020, the Eighth Circuit entered Judgment dismissing Mr. Wright's appeal for lack of jurisdiction (Dkt. No. 18).

Following receipt of the mandate from the Eighth Circuit, the Court entered an Order noting problems with Mr. Wright's complaint and directing Mr. Wright to submit an amended complaint that identifies the claims he intends to bring; contains a short statement of the specific

role each defendant had in the alleged violations of law; and describes with more particularity the injuries Mr. Wright claims he sustained as a result of each event over which he sues.

### I.     Screening

Before the Court is Mr. Wright's amended complaint (Dkt. No. 23).  Mr. Wright is not incarcerated, pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915, the Court must, however, screen Mr. Wright's amended complaint to determine whether it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C.A. § 1915(e)(2); *Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016) ("Although some district courts have limited section 1915(e)(2)(B)(ii) pre-service dismissal to litigants who are prisoners, . . . all of the circuit courts to address the issue have held that nonprisoner complaints can be screened and dismissed pursuant to section 1915(e)(2)(B).") (citing *Michau v. Charleston Cty., S.C.*, 434 F.3d 725, 728 (4th Cir. 2006); *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005); *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) *overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)).

Mr. Wright's amended complaint names only one defendant, the Department of Veterans Affairs (Dkt. No. 23).  Mr. Wright indicates that the other people named in his initial complaint, Tamia Simmon and Lawances Jackson, are witnesses (Dkt. No. 23, at 31).  Mr. Wright further indicates he would like to "subpoena" the "shuttle vehicle driver," the "privacy act lady," Horce Smith, and Key Griffin (Dkt. No. 23, at 33, 35, 37, 39).  Because Mr. Wright's amended complaint does not allege claims against Mr. Jackson, Ms. Simmon, or Doe defendants 1 and 2 at this time, his claims against these defendants relating to the alleged July 16, 2018, motor vehicle accident are dismissed without prejudice.

Reading Mr. Wright's *pro se* complaint liberally, he alleges a Federal Tort Claims Act ("FTCA") claim against the Department of Veterans Affairs relating to an alleged motor vehicle accident that occurred while Mr. Wright was a passenger on a Department of Veterans Affairs shuttle that was hit by a car on July 16, 2018 (Dkt. No. 23 at 5, 8-9, 11, 28).  Accordingly, service on the Department of Veterans Affairs is appropriate.  The Clerk is directed to prepare a summons for the Department of Veterans Affairs to be served by the United States Marshal without prepayment of fees and costs or security.  The United States Marshal is directed to serve a copy of the Amended Complaint and summons on the United States Attorney for this district and the United States Attorney General (Dkt. Nos. 2, 23).

## II.   Motion to Add Facts

Mr. Wright brings a motion to add additional facts and a motion alleging "newly discovered evidence" (Dkt. Nos. 24, 27).  Mr. Wright may have an opportunity later in the case to provide evidence to the Court to support his claim if attached to a motion for summary judgment or a response to a motion for summary judgment or if the Court orders him to send additional evidence to the Court.  Until then, the Court does not require additional evidence, and, consequently, the motions to plead additional fact and provide newly discovered evidence are denied without prejudice (Dkt. Nos. 24, 27).

## III.   Remaining Motions

Mr. Wright brings two other motions that appear to relate to responses to the amended complaint that Mr. Wright believes are due in his case (Dkt. Nos. 25, at 2; 26, at 8-9).  The Court had not ordered service on any defendant prior to this Order, and no response is currently due to Mr. Wright's amended complaint.  Accordingly, to the extent Mr. Wright's motions seek to compel a response to his amended complaint, the Court denies the motions without prejudice (Dkt. Nos.

25, 26). The Department of Veterans Affairs shall have 60 days to respond to the amended complaint after it is served by the United States Marshal. *See* Fed. R. Civ. P. 12(a)(2). To the extent Mr. Wright is seeking a status update from the Court regarding service of the amended complaint, the motions are granted. For the foregoing reasons, the Court grants in part and denies in part two of Mr. Wright's pending motions (Dkt. Nos. 25, 26).

### IV.     Conclusion

The Court directs the Clerk to prepare a summons for the Department of Veterans Affairs to be served by the United States Marshal without prepayment of fees and costs or security. The United States Marshal is directed to serve a copy of the Amended Complaint and summons on the United States Attorney for this district and the United States Attorney General (Dkt. Nos. 2, 23). The Court denies Mr. Wright's motions to plead additional fact and provide newly discovered evidence without prejudice (Dkt. Nos. 24, 27). The Court grants Mr. Wright's motions for a status update and denies his motions to the extent Mr. Wright's seeks to compel a response to his amended complaint (Dkt. Nos. 25, 26).

It is so ordered this 26th day of October, 2020.

*[Signature]*
Kristine G. Baker
United States District Judge