IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**EDWARD CHARLES WRIGHT**                                                                **PLAINTIFF**

v.                                      Case No. 4:19-cv-00392-KGB

**DEPARTMENT OF VETERANS AFFAIRS,**                                      **DEFENDANTS**
**Office of General Counsel,** *et al.*

**ORDER**

Before the Court is the motion to dismiss of the defendant United States, named here as defendant Department of Veterans Affairs ("VA") (Dkt. No. 50).[1] Plaintiff Edward Charles Wright has responded to the motion (Dkt. No. 53). For the reasons set forth herein, the Court grants the United States's motion to dismiss (Dkt. No. 50).

**I.      Introduction**

Mr. Wright initiated this case by filing a complaint against defendants VA, Office of the General Counsel, Tamia Simmon, Lawances Jackson, and two John/Jane Doe defendants whom he identified as the driver of a VA shuttle and a VA counselor (Dkt. No. 2). Thereafter, Mr. Wright filed several motions (Dkt. Nos. 1, 3, 4, 5, 6, 7, 8). On December 2, 2019, the Court entered an Order granting Mr. Wright's motion for leave to proceed *in forma pauperis*; directing Mr. Wright to file within 30 days from the entry of the Order a written statement confirming his correct address and an amended complaint that complied with the terms of the Order; denying without prejudice at that time Mr. Wright's motions for discovery; and denying without prejudice Mr. Wright's remaining motions (Dkt. No. 9). Mr. Wright filed a notice of appeal to the Eighth Circuit Court

---

[1] In its motion to dismiss, the United States maintains that it is the real party at interest in this case because a suit against an agency of the Government, like the VA, is a suit against the United States (Dkt. No. 50, at n. 1). The Court agrees and directs the Clerk of Court to substitute the United States as the defendant in interest instead of the VA.

of Appeals on May 4, 2020 (Dkt. No. 11). On June 10, 2020, the Eighth Circuit entered Judgment dismissing Mr. Wright's appeal for lack of jurisdiction (Dkt. No. 18).

Following receipt of the mandate from the Eighth Circuit, the Court entered an Order noting problems with Mr. Wright's complaint and directing Mr. Wright to submit an amended complaint that identifies the claims he intends to bring; contains a short statement of the specific role each defendant had in the alleged violations of law; and describes with more particularity the injuries Mr. Wright claims he sustained as a result of each event over which he sues.

Mr. Wright filed an amended complaint, which is the operative complaint. The operative complaint names only one defendant, the VA (Dkt. No. 23). The Court dismissed Mr. Wright's claims against Tamia Simmon and Lawances Jackson because Mr. Wright indicated that they were witnesses (Dkt. No. 23, at 29, 31). Reading Mr. Wright's *pro se* complaint liberally, the Court found that for screening purposes Mr. Wright had asserted a claim against the VA relating to an alleged motor vehicle accident that occurred while Mr. Wright was a passenger on a VA shuttle that was hit by a car on July 16, 2018, under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680 (Dkt. No. 29). The Court ordered service of the operative complaint on the VA (*Id.*).

In the operative complaint, Mr. Wright asserts the following facts related to his alleged FTCA claim:

- "Department of Veteran affair and the bus driver. The person who hit! The bus July 16, 2018." (*Id.*, at 8).

- "FTCA claim report file." (*Id.*, at 11).

- "(FTCA) under that section []2000 actual con[tro]vercy or argument." (*Id.*, at 18).

- "Claiming in this case. Punitive damage and [deliberate] indifferent relief in sum $200,000 for the wait or the case violation 14th Amendment of cruel

and unusual.  And section 2000 actual con[tro]versy to argument need to be clear out." (*Id.*, at 21).

In the operative complaint, Mr. Wright discusses at length his attempts to obtain documents (Dkt. No. 23).  He references a "Torts law Group" in Lakewood, Colorado (*Id.*, at 28-29).  Additionally, he asks to subpoena several people who he claims work at "V.A. [facility] 2200 Forth Root Dr. North Little Rock, AR" (*Id.*, at 31, 33, 37, 39).

The United States moves to dismiss Mr. Wright's amended complaint for lack of venue and for failure to state a claim upon which relief can be granted (*Id.*, ¶¶ 4-5).  The United States asserts that the crux of Mr. Wright's complaint "centers around a bus accident which appears to have occurred at a VA campus on July 16, 2018" (*Id.*, ¶ 3).  The United States contends that it is unclear from the amended complaint what relief Mr. Wright seeks (*Id.*).

After the United States filed its motion to dismiss, Mr. Wright filed an "Answer to Prosecutor Rule 26 Initial Disclosures and Answer To States of Arkansas Prosecutor Amended Complaint Shannon Smith" (Dkt. No. 53).  In that filing, Mr. Wright asserts that "[v]enue were proper with jurisdiction" because the "Eighth Circuit Court of Appeals is enough jurisdiction and venue it self." (Dkt. No. 53, at 6).  Mr. Wright states, "I have a[n] injury because a guy – V.A. hospital in Little Rock, Arkansas which requires compensation." (*Id.*, at 7).  Mr. Wright asserts that, "[i]n the exercise of reasonable care should have known, that his injury was caused by a government employee acting within the scope of his employment." (*Id.*, at 12, 15).  Mr. Wright states that the paperwork "in the courthouse computer" establishes the judicial district in which the defendant resides and where a substantial part of the events occurred in order to establish that venue is proper (*Id.*, at 17-18).

**II.	Legal Standard**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "While a complaint attacked by a [Federal] Rule [of Civil Procedure] 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (citations omitted). "[T]he complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Briehl v. Gen. Motors Corp.*, 172 F.3d 623, 627 (8th Cir. 1999).

"When ruling on a motion to dismiss, the district court must accept the allegations contained in the complaint as true and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). The Court may, however, "consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." *Roe v. Nebraska*, 861 F.3d 785, 788 (8th Cir. 2017). A reviewing court "may consider these materials without converting the defendant's request to a motion for summary judgment." *Roe*, 861 F.3d at 788 (citations and quotation marks omitted); *see Lustgraaf v. Behrens*, 619 F.3d 867, 885–86 (8th Cir. 2010) ("[W]hen considering a motion to dismiss . . . , [a court] may take judicial notice (for the purpose

of determining what statements the documents contain and not to prove the truth of the documents' contents) of relevant public documents[.]" (alterations in original) (emphasis omitted)).

### III.    Analysis

#### A.    Motion To Dismiss For Improper Venue

Under 28 U.S.C. § 1391, a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

The United States contends that in the operative complaint Mr. Wright does not address the judicial district in which the defendant resides or the location where a substantial part of the events giving rise to his FTCA claim occurred, so the United States argues that his case must be dismissed for improper venue (Dkt. No. 51). While Mr. Wright does not specifically assert in the operative complaint where the accident giving rise to his complaint occurred, reading liberally the operative complaint and Mr. Wright's "Answer to Prosecutor Rule 26 Initial Disclosures and Answer To States of Arkansas Prosecutor Amended Complaint Shannon Smith," the Court finds that Mr. Wright has asserted sufficient facts from which the Court can determine that the alleged accident which forms the basis of Mr. Wright's FTCA claim occurred while Mr. Wright was on a shuttle bus driven by an employee of the VA facility in North Little Rock, Arkansas (Dkt. No. 23, at 33). The Court finds that Mr. Wright has pleaded sufficient facts from which the Court can conclude that a substantial part of the events or omissions giving rise to his claim occurred in North

Little Rock, Arkansas.  Accordingly, the Court denies the United States's motion to dismiss for improper venue.

### B.     Motion To Dismiss For Failure To State A Claim

Reading liberally the operative complaint, the Court found that for screening purposes Mr. Wright had asserted a claim under the FTCA.  Congress enacted the FTCA as a limited waiver of the sovereign immunity of the United States.  *Johnston v. United States*, 85 F.3d 217, 218–19 (5th Cir. 1996) (citing *United States v. Kubrick*, 444 U.S. 111, 117–18 (1979)).  Subject to some exceptions, the United States is liable in tort for certain damages caused by the negligence of any employee of the Government "if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).  Substantive state law determines whether a cause of action exists.  *F.D.I.C. v. Meyer*, 510 U.S. 471, 478 (1994) (state law is the source of substantive liability under the FTCA); *Johnston*, 85 F.3d at 219.  In order to establish a *prima facie* case of negligence under Arkansas law, the plaintiff must demonstrate that the defendant breached a standard of care, that damages were sustained, and that the defendant's actions were a proximate cause of those damages.  *Neal v. Sparks Reg'l Med. Ctr.*, 422 S.W.3d 116, 120 (Ark. 2012) (citing *Union Pac. R.R. Co. v. Sharp,* 952 S.W.2d 658 (Ark. 1997)).

Reading the operative complaint liberally, Mr. Wright has pled that there was a person who hit a bus on July 16, 2018; that an FTCA claim report was filed; that Mr. Wright is bringing a federal tort claim; and that Mr. Wright is demanding punitive damages in the sum of $200,000.  Based on these allegations, the Court cannot find that Mr. Wright has pled sufficient facts to state an FTCA claim for relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court cannot identify, based on the allegations in the operative complaint, who Mr. Wright

claims breached a standard of care, what standard of care was breached, that Mr. Wright was injured, or that any alleged injuries were proximately caused by the actions of an employee of the Government.

Mr. Wright mentions frequently in the operative complaint the Fourteenth Amendment and cruel and unusual punishment. "The Eighth Amendment, which applies to the States through the Due Process Clause of the Fourteenth Amendment, prohibits the infliction of cruel and unusual punishments *on those convicted of crimes*." *Wilson v. Seiter,* 501 U.S. 294, 296-97 (1991) (emphasis added); *see also Stephens v. Helder*, Case No. 5:17-CV-05045, 2017 WL 2645524, at *4 (W.D. Ark. June 19, 2017). Here there is no indication in the operative complaint that Mr. Wright has been convicted of a crime in order for the Eighth Amendment's prohibition on the infliction of cruel and unusual punishment to be applicable to his case.

Much of Mr. Wright's operative complaint is devoted to his attempts to obtain documents from the VA. The FTCA is not a mechanism for individuals to obtain documents.

### IV. Conclusion

The Court grants the United States's motion to dismiss Mr. Wright's claims for failure to state a claim upon which relief can be granted (Dkt. No. 50). The Court dismisses Mr. Wright's amended complaint without prejudice (Dkt. No. 23).

It is so ordered this 10th day of December, 2021.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge